IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> A.S. LOPEZ; M. BRYANT, ) <br> ) <br> Defendants. ) <br> ) <br> ———————————————— ) | No. C 12-0418 JSW (PR) <br><br> **ORDER DIRECTING PLAINTIFF TO SERVE OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANTS** |

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against two officials of Pelican Bay State Prison ("PBSP"). The complaint was reviewed pursuant to 28 U.S.C. 1915A, and the United States Marshal was ordered to serve it upon Defendants Correctional Officer A.S. Lopez and Lieutenant M. Bryant PBSP. These were the names, titles and location of the two Defendants that Plaintiff had provided in his complaint. The Marshal filed "Process Receipt and Return" forms indicating that an attempt to serve Lopez and Bryant at PBSP was unsuccessful because there are no people by those names located there.

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415,

1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

On May 26, 2012, Plaintiff's complaint will have been pending for 120 days, when it will be subject to dismissal without prejudice absent a showing of "good cause" if the parties have not been served. *See* Fed. R. Civ. P. 4(m); *see also Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, plaintiff must either himself effect service on Defendants Lopez and Bryant, or submit to the Court sufficient information to identify and locate them such that the Marshal is able to effect service upon them. <u>If Plaintiff fails to do so, or to show cause why he cannot, **on or before May 26, 2012**, Plaintiff's claims will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

IT IS SO ORDERED.

DATED: April 18, 2012

                JEFFREY S. WHITE
                United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN R. SCHRUBB,

        Plaintiff,

  v.

A.S. LOPEZ et al,

        Defendant.

Case Number: CV12-00418 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin R. Schrubb V-55932
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: April 18, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk