IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB, | No. C 12-0418 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| A.S. LOPEZ; M. BRYANT, | |
| Defendants. | |

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against two officials of Pelican Bay State Prison ("PBSP"). On February 3, 2012, the complaint was reviewed pursuant to 28 U.S.C. 1915A, and the United States Marshal was ordered to serve it upon Defendants Correctional Officer A.S. Lopez and Lieutenant M. Bryant at PBSP. These were the names, titles and location of the two Defendants that Plaintiff had provided in his complaint. The Marshal filed "Process Receipt and Return" forms indicating that its attempt to serve Lopez and Bryant at PBSP was unsuccessful because there were no people by those names located there. On April 18, 2012, Plaintiff was directed to either effect service on Defendants himself or submit to the Court sufficient information to identify and locate them such that the Marshal is able to effect service upon them. Plaintiff was cautioned that if he did not do so on or before May 26, 2012, this case would be dismissed without prejudice pursuant to Rule 4(m) of

the Federal Rules of Civil Procedure.

On May 29, 2012, Plaintiff filed a motion for the Court to order the Warden of PBSP to provide the Court with the location of the Defendants. On June 19, 2012, the motion was denied because the Warden is not a party to this lawsuit, but Plaintiff was granted an extension of time to and including August 1, 2012, in which to comply with the order of April 18, 2012, and cautioned again that if he did not do so the case would be dismissed under Rule 4(m).

On August 8, 2012, Plaintiff filed a "brief" requesting that the Clerk of Court issue subpoenas to the PBSP Warden, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and the State Personnel Board for information as to the whereabouts of Defendants. On August 21, 2012, the request was granted and Plaintiff was granted another extension of time, to and including October 1, 2012, in which to either provide the Court with Defendants' current location or serve the summons and complaint in this matter upon Defendants himself. He was again cautioned that his failure to do so would result in the dismissal of this case without prejudice under Rule 4(m). The Clerk issued the requested subpoenas the next day.

On October 26, 2012, Plaintiff's request for yet another extension of time was granted, to and including November 12, 2012, and he received the same caution that his failure to serve Defendants, provide their location, or show good cause for his failure to do so would result in the dismissal of this case without prejudice under Rule 4(m).

On December 7, 2012, Plaintiff filed a letter to the Clerk with an attached motion dated November 12, 2012, seeking to "compel" the PBSP Warden and the CDCR Secretary to produce documents identifying Defendants and their location.[1] In the motion Plaintiff indicates that in response to his subpoenas, PBSP and State Personnel Board

---

[1]This motion was originally received by the Clerk on November 16, 2012, but it was returned to him.

2

officials informed him that nobody with Defendants' names ever worked at PBSP. On March 26, 2013, Plaintiff filed a letter to the Court requesting the status of the case and his motion to "compel" but providing no indication of any further effort to locate or identify the Defendants.

The Court finds that this case must be dismissed under Rule 4(m). In cases wherein the plaintiff proceeds in forma pauperis, such as this one, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Based upon these rules, Plaintiff was informed that if he did not serve Defendants, provide the Court with sufficient information to allow the Marshal to do so, or show cause why he cannot, the case would be dismissed under Rule 4(m). Plaintiff has not served the Defendants or provided the Court with their proper identification and location to allow the Marshal to serve them. He also has not shown good cause for his failure to do so. Plaintiff was granted numerous extensions of time giving him more than six months to serve, identify or locate Defendants. The Clerk also issued the subpoenas he requested to assist him in obtaining such information. It is clear from the responses to those subpoenas that nobody with the Defendants' names were ever employed at PBSP or by the State Personnel Board. While Plaintiff states that he "re-issued" another subpoena to the PBSP Warden seeking a disciplinary report against another inmate, he can only speculate that such a report may contain the names of the officials he wishes to sue. Moreover, he has

3

not described any expended any effort during the past six months to follow up on that request or to obtain the Defendants' proper identities and location.  Rather, he simply filed a frivolous motion to "compel" non-party prison officials to provide him the information he needs; he has already been informed that the Court does not have authority to compel non-parties to produce discovery.  As Plaintiff has not served Defendants, provided sufficient information for the Marshal to do so, or shown good cause for his failure to do so, this case is DISMISSED under Rule 4(m) without prejudice to refiling his complaint in a new action in which he either serves the Defendants or provides their correct names and location.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  April 15, 2013

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB,<br><br>    Plaintiff,<br><br>  v.<br><br>A.S. LOPEZ et al,<br><br>    Defendant.<br>_____/ | Case Number: CV12-00418 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 15, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin R. Schrubb V-55932
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: April 15, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk