IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB,              ) | No. C 12-0418 JSW (PR) |
|                                             ) | |
|       Plaintiff,           ) | **ORDER INSTRUCTING CLERK TO** |
|                                             ) | **ISSUE SUBPOENAS** |
|   vs.                                  ) | |
|                                             ) | |
| A.S. LOPEZ; M. BRYANT,        ) | |
|                                             ) | |
|       Defendants.      ) | |
|                                             ) | |
| _____ ) | |

       Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 based on an incident that took place at Pelican Bay State Prison ("PBSP"). The case was dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiff had not served Defendants, provided their correct names and location to enable the Marshal to serve them, or shown good cause for his failure to do so. Plaintiff has filed a motion for reconsideration of the dismissal order under Rule 60(b).

       Plaintiff was issued subpoenas so that he could seek from third parties information about the identity and location of Defendants. Plaintiff has shown in his motion for reconsideration that a Rules Violation Report ("RVR") issued in 2007 against his then-cellmate, Leon Davis, may contain the names of the Defendants. It appears from the PBSP Litigation Coordinator's response to Plaintiff's initial subpoena to the PBSP Warden that there is no record of such an RVR. (Mot. Rec. Ex. B.) It is conceivable that

is not the case, however, for two reasons: in the subpoena Plaintiff had erroneously identified of the year of the RVR as 2011, and while the Litigation Coordinator states that there is no record of any "disciplinary action" against Davis, he does not clearly state that there is no RVR against Davis. Plaintiff states that he sent a "re-issued" subpoena to the Warden on October 2, 2012, attempting to clarify these two points, but he received no response; the lack of response may be because the re-issued subpoena did not adhere to the requirements of Rule 45.

Accordingly, before the motion for reconsideration will be decided, the Clerk will issue an additional subpoena for Plaintiff to attempt to obtain the RVR he seeks. Good cause appearing, and pursuant to Federal Rules of Civil Procedure 34(c) and 45(a)(3), the Clerk of Court shall forthwith issue a signed but otherwise blank subpoena to Plaintiff. Plaintiff shall forthwith complete the subpoena and serve it upon the PBSP Warden in accordance with the requirements of Rule 45. If Plaintiff does not Court the names of the Defendants, or show cause why not, on or before **September 30, 2013**, the motion for reconsideration will be denied.

IT IS SO ORDERED.

DATED: August 12, 2013

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN R. SCHRUBB,

        Plaintiff,

  v.

A.S. LOPEZ et al,

        Defendant.

Case Number: CV12-00418 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 12, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin R. Schrubb V-55932
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: August 12, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk